Cara Leslie ALEXANDER, et al., Plaintiffs,

v.

FEDERAL BUREAU OF INVESTIGATION, et al., Defendants.

Civil Action Nos. 96–2123, 97–1288(RCL).

United States District Court, District of Columbia.

March 31, 2008.

Paul J. Orfanedes, James F. Peterson, Judicial Watch, Inc., Washington, DC, for Plaintiffs.

Elizabeth J. Shapiro, James Jordan Gilligan, Julia Fayngold, Andrea Newmark, David Jay Anderson, U.S. Department of Justice, Jeffrey T. Green, Sidley Austin LLP, Anne L. Weismann, Citizens for Responsibility and Ethics, David Evan Kendall, Marcie Robin Ziegler, Paul Benedict Gaffney, Williams & Connolly, LLP, James Franklin Fitzpatrick, Michael R. Geske, Arnold & Porter, LLP, David Samuel Cohen, Wilmer Cutler Pickering Hale & Dorr LLP, Randall J. Turk, Baker Botts LLP, Robert M. Weinberg, Bredhoff & Kaiser, P.L.L.C., Washington, DC, Peter L. Zimroth, Arnold & Porter, Nicole Kay Seligman, Sony Corporation of America, New York, NY, for Defendants.

## ORDER

ROYCE C. LAMBERTH, District Judge.

Upon consideration of plaintiffs' motions [two at 1057, two at 1064] for orders to show cause or other relief regarding discovery disputes as to electronic information requested from the White House, and the voluminous record and lengthy hearings conducted in connection therewith, it is, for the reasons set forth in a memorandum opinion which will shortly be separately filed,

ORDERED that plaintiffs' motions are DENIED.

Upon consideration of plaintiffs' motion [1323] for depositions regarding destruction of government computer property, plaintiffs' motion is DENIED.

Upon consideration of plaintiffs' motions [two at 1369] for attorneys' fees and costs, plaintiffs' motions are DENIED, without prejudice to such application as may be

---

appropriate after entry of a final judgment in this case.

Upon consideration of plaintiffs' motions [779, 1383] to depose Hillary Rodham Clinton, plaintiffs' motions are DENIED. If there were to be any depositions at all, plaintiffs would have to start with those individuals directly involved, such as Livingstone and Marceca, and only then seek to demonstrate a basis for other depositions. Plaintiffs have no *right, per se,* to depose a person just because plaintiffs named the person as a party, particularly where there is a pending motion to dismiss and the Court only authorized limited discovery to fairly determine whether the substituted defendants were acting in the scope of their duties.

Upon consideration of plaintiffs' motion [41] to certify class, plaintiffs' motion is DENIED, without prejudice to filing a new motion after defendants' dismissal motion is decided. Plaintiffs' motion [1005] for clarification that the class definition in the original complaint be deemed sufficient is also DENIED, without prejudice.

Plaintiffs' motion [1005] for leave to file an Amended Complaint is DENIED as to the lodged Amended Complaint. In light of the passage of time, however, plaintiffs may submit a new motion, within 30 days of this date, for leave to file an Amended Complaint and tender a new Amended Complaint as an exhibit thereto.

In light of the length of time since the filing of the original motion to dismiss [34], and the motions for summary judgment [783, 1315], these motions are DENIED, without prejudice to filing new, updated motions once it is determined whether we are proceeding on the original complaint herein, or a new Amended Complaint. In the meantime, defendants need not further respond to the complaint herein until the Court by order sets a date for response. Any further discovery to be conducted must be authorized in advance by the Court, after it is determined how this case is to go forward, and on what complaint and allegations.

SO ORDERED.